UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy K. Scheffler,

          Plaintiff,

    v.

Hamline University,

          Defendant.

CASE NO. 13-cv-00935 (SRN/TNL)

**Defendant's Rule 26(f) Report and
Proposed Scheduling Order**

The parties/counsel to the above-entitled action have discussed, but not yet agreed

to the terms of a Report under Rule 26(f) of the Federal Rules of Civil Procedure.

Therefore, Defendant hereby respectfully submits a version of the Rule 26(f) Report it

proposed to Plaintiff, pursuant to Local Rule 16.2 and the Court's Order dated September

3, 2013.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is

scheduled for October 4, 2013, before the United States Magistrate Judge Tony N. Leung

in Courtroom 342, United States District Court, Warren E. Burger Federal Courthouse,

316 North Robert Street, St. Paul, Minnesota  55101.

1.    <u>Date and Place of the Meeting and Identification of the Parties and Their
Attorneys.</u>

    a.    The date and place at which the meeting was held:
Counsel for the parties meet via telephone conference on
September 17, 2013.

b.   Name, address and occupation of each party, together with the name, address, and ID number of the attorneys who represented each party at the meeting:

Plaintiff Troy K. Scheffler
[Insert Address]
Plaintiff was represented by:
[Insert Attorney Information}


Defendant Hamline University

Defendant was represented by:

John C. Hauge (0297884)
FordHarrison LLP
225 South Sixth Street, Suite 3150
Minneapolis, Minnesota  55402
(612) 486-1700
jhauge@fordharrison.com

c.   Name of insurance carriers that may be liable for payment of any damage award.

RSUI Group, Inc.

d.   Agenda of matters to be discussed at the Pretrial Conference.

All matters set forth in this report and avenues of dispute resolution, including the scheduling of a settlement conference.

2.   <u>Description of the Case</u>

a.   A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.

This Court has jurisdiction under 28 U.S.C. § 1331 because certain claims asserted arise under the laws of the United States, e.g., the Title III of the Americans with Disabilities Act and the Rehabilitation Act.  In addition, the Court has supplemental jurisdiction over Plaintiff's claims arising under the Minnesota common law and the Minnesota Human Rights

Act (Minn. Stat. § 363A.01, et seq.) pursuant to 28 U.S.C. § 1367.

b.  A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

Plaintiff's Statement:

Defendant's Statement:

As a matter of fact and law, Defendant did not discriminate against Plaintiff in violation of the Minnesota Human Rights Act, Title III of the Americans with Disabilities Act, or the Federal Rehabilitation Act due to any alleged disability of Plaintiff, nor has it discriminated against Plaintiff because it regarded or regards him as disabled.  Defendant has not breached any contractual or quasi contractual obligation to Plaintiff, and did not breach any implied covenant of good faith and fair dealing with Plaintiff.  Plaintiff mischaracterizes the scope, meaning and application of the Minnesota Constitution, Article I, Section 16, and Defendant denies that any action it took with regard to Plaintiff could have or did violate the Minnesota Constitution.

Finally, in light of recent and well-publicized events of violence at other university campuses across the country, Defendant took a reasonable and non-discriminatory course of action to determine whether Plaintiff posed a risk to the safety of faculty, staff, students and visitors to its campus. Plaintiff failed and refused to comply with Defendant's reasonable request or pursue such other recourse as may have been available under Defendant's policies and procedures.

c.  A summary itemization of the dollar amount of each element of the alleged damages.

Plaintiff seeks equitable relief and compensatory damages in excess of $75,000, as well as treble damages, punitive damages, a civil penalty, attorneys' fees, costs and disbursements, and all other relief available by statute.

3.     Pleadings

    a.     A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend the pleadings.

        The Complaint and Answer have all been filed, and the parties do not propose to amend the pleadings or add additional parties.

    b.     The date by which all motions that seek to amend the pleadings or add parties will be filed.

        November 1, 2013

    c.     Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

        Plaintiff has demanded a jury trial for all claims triable by jury.  Defendant objects to a jury trial of claims asserted under Title III of the Americans with Disabilities Act, the Minnesota Human Rights Act, and the Minnesota Constitution.

4.     Discovery Plan

    a.     Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed.

        October 20, 2013

    b.     Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced.

        No.  The parties would like to engage in a settlement conference with the Court but only after having the opportunity to engage in discovery.

    c.     Whether discovery should be conducted in phases, or limited to or focused upon particular issues.

        No.

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B).

Plaintiff:  February 1, 2014

Defendant:  March 1, 2014

e. The number of interrogatories each party shall be permitted to serve.
25

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take.
3

g. The number of expert depositions each party shall be permitted to take.
2

h. Mechanism and date by which the parties shall meet, confer and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

December 1, 2013

5. <u>Close of Discovery and Non-Dispositive Motions.</u>

a. The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

Discovery shall be completed by May 1, 2014 and non-dispositive motions shall be filed and served by May 15, 2014.

6. <u>Dispositive Motions and Trial</u>

a. Date by which all dispositive motions shall be served, filed and heard by the Court.

July 15, 2014

b.       Date by which the case will be ready for trial:

September 1, 2014

c.       The number of expert witnesses each party expect to call at trial.
Plaintiff expects to call _ expert witnesses; Defendant expects
to call up to 3 expert witnesses.

d.       Estimated trial time, including jury selection and instructions.

Five to ten days.

Dated:  September 27, 2013                    /s/ John C. Hauge
                                              Andrew E. Tanick (#178573)
                                              John C. Hauge (#0297884)
                                              FORD & HARRISON LLP
                                              225 South Sixth Street, Suite 3150
                                              Minneapolis, MN  55402
                                              Telephone:  (612) 486-1700
                                              Facsimile: (612) 486-1701

                                              ATTORNEYS FOR DEFENDANT

MINNEAPOLIS:32166.1