UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy K. Scheffler, | |
| Plaintiff, | CASE NO. 13-cv-00935 (SRN/TNL) |
| v. | |
| Hamline University, | **Rule 26(f) Report and Proposed Scheduling Order—Plaintiff's Amended 26(f) Report** |
| Defendant. | |

The parties/counsel to the above-entitled action respectfully submit the following Report pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.2, and the Court's Order dated September 3, 2013.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for October 4, 2013, before the United States Magistrate Judge Tony N. Leung in Courtroom 342, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota  55101.

1.  <u>Date and Place of the Meeting and Identification of the Parties and Their Attorneys.</u>

    a.  The date and place at which the meeting was held;
        The meeting was held at the offices of Defendant's counsel/Telephonically, on September 13, 2013.

    b.  Name, address and occupation of each party, together with the name, address, and ID number of the attorneys who represented each party at the meeting;

        Plaintiff Troy K. Scheffler
        965 104th Ave. N.W.
        Coon Rapids, MN 55433

1

**Plaintiff is represented by:**

Peter J. Nickitas Law Office, LLC
Peter J. Nickitas (MN Att'y #212313)
431 S. 7th St. Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com

Defendant Hamline University

Defendant was represented by:

John C. Hauge (0297884)
FordHarrison LLP
225 South Sixth Street, Suite 3150
Minneapolis, Minnesota  55402
(612) 486-1700
jhauge@fordharrison.com

 c. Name of insurance carriers that may be liable for payment of any damage award.

  RSUI Group, Inc.

 d. Agenda of matters to be discussed at the Pretrial Conference.

  All matters set forth in this report and avenues of dispute resolution, including the scheduling of a settlement conference.

2. <u>Description of the Case</u>

 a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.

  This Court has jurisdiction under 28 U.S.C. § 1331 because certain claims asserted arise under the laws of the United States, e.g., the Title III of the Americans with Disabilities Act and the Rehabilitation Act.  In addition, the Court has supplemental jurisdiction over Plaintiff's claims arising under the Minnesota common law and the Minnesota Human Rights

Act (Minn. Stat. § 363A.01, et seq.) pursuant to 28 U.S.C. § 1367.

b.  A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

Plaintiff's Statement:

Hamline University falsely regarded plaintiff-student Troy K. Scheffler as psychologically disabled and dangerous student for his opinions on campus safety, campus concealed-carry policies, and the differences between the appearances of diversity and the reality of race relations and racial demography at Hamline. On 23 April 2007 Hamline Dean Sickbert suspended him indefinitely for his perceived disability - three days after Sickbert's superior, Hamline President Hanson, offered to sit down and talk in peace with Scheffler regarding his opinions, and with no interveningmisconduct on Scheffler's part.

Scheffler demanded evidence of faculty and students who regarded him as posing a threat to them. Hamline failed to produce any such evidence. Emails from students and faculty at the time of his suspension iodicate that Scheffler's deeply held, albeit minority opinions, were respected by students and faculty alike. Hamline provided no recourse or citation to any procedural reference for its suspension.

Hamline demanded psychological ceritification of his "safety". The Social Security Administration awarded him disability benefits (SSDI) for the disabilities of agoraphobia and anxiety disorder, and found him not violent. Subsequent to the award, Mr. Scheffler demanded reinstatement from Hamline, in 2013, within the 365 day deadline under the Minnesota Human Rights Act (MHRA). Hamline declined. This suit followed, within six years of his suspension from Hamline.

In suspending Scheffler for falsely regarding him as psychologically disabled, Hamline violated Scheffler's rights under Title III of the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973. In suspending Scheffler for his deeply held conscientious beliefs on campus safety, campus concealed-carry policies, and campus racial relations and diversity public relations efforts, Hamline violated Scheffler's freedom of conscience as a student in violation of Minn. Const. Art. I, § 16.

Scheffler demands equitable relief under Title III of the ADA, viz., instatement into Hamline as a graduate student in an equivalent as possible post-graduate studies program as the Public Administration program in which he was once enrolled, but which Hamline no longer offers. Scheffler demands equitable relief in restitution of his forfeited tuition, approximately $20,000. In the alternative to instatement in an equivalent Master's level program, Mr. Scheffler demands instatement into Hamline's law school program, subject to earning a satisfactory score on the LSAT.

Scheffler demands legal relief under § 504 of the Rehabilitation Act for injuries back to 2007. Scheffler demands legal relief under the MHRA for injuries since Hamline's rejection of his reinstatement demand in March 2013. He demands legal relief for violation of his freedom of conscience under Minn. Const. Art. I, § 16, for which Art. I, § 8 provides a remedy. He demands damages in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury may award.

Scheffler demands costs, disbursements, and reasonable attorney fees which Title III of the ADA and § 504 of the Rehabilitation Act of 1973, through 42 U.S.C. § 1988, and the MHRA allow. He demands punitive damages against Hamline under the MHRA. He demands a civil penalty against Hamline under the MHRA.

Defendant's Statement:

As a matter of fact and law, Defendant did not discriminate against Plaintiff in violation of the Minnesota Human Rights Act, Title III of the Americans with Disabilities Act, or the Federal Rehabilitation Act due to any alleged disability of Plaintiff, nor has it discriminated against Plaintiff because it regarded or regards him as disabled. Defendant has not breached any contractual or quasi contractual obligation to Plaintiff, and did not breach any implied covenant of good faith and fair dealing with Plaintiff. Plaintiff mischaracterizes the scope, meaning and application of the Minnesota Constitution, Article I, Section 16, and Defendant denies that any action it took with regard to Plaintiff could have or did violate the Minnesota Constitution.

Finally, in light of recent and well-publicized events of violence at other university campuses across the country,

Defendant took a reasonable and non-discriminatory course of action to determine whether Plaintiff posed a risk to the safety of faculty, staff, students and visitors to its campus. Plaintiff failed and refused to comply with Defendant's reasonable request or pursue such other recourse as may have been available under Defendant's policies and procedures. Independent of and prior to Plaintiff's March 2013 demand to be re-enrolled by Defendant, the program in which Plaintiff was previously enrolled was discontinued.

c.    A summary itemization of the dollar amount of each element of the alleged damages.

Plaintiff seeks equitable relief and compensatory damages in excess of $75,000, as well as treble damages, punitive damages, a civil penalty, attorneys' fees, costs and disbursements, and all other relief available by statute.

3.    <u>Pleadings</u>

a.    A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend the pleadings.

The Complaint and Answer have all been filed, and the parties do not propose to amend the pleadings or add additional parties.

b.    The date by which all motions that seek to amend the pleadings or add parties will be filed.

**15 FEBRUARY 2014 – PLAINTIFF'S REQUESTED CHANGE**

c.    Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

Plaintiff has demanded a jury trial for all claims triable by jury.  Defendant objects to a jury trial of claims asserted under Title III of the Americans with Disabilities Act and the Minnesota Human Rights Act.

**Defendant's objection to jury trial on MHRA claims is not well taken in view of *Kampa v. White Consolidated Indus., Inc.* 115 F.3d 585 (8th Cir. 1997)—PLAINTIFF'S ANNOTATION**

4.   <u>Discovery Plan</u>

    a.   Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed.

        **December 2, 2013—Plaintiff's requested change.**

    b.   Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced.

        Yes, the parties would like to schedule a settlement conference with the Court on or before May 1, 2014.

    c.   Whether discovery should be conducted in phases, or limited to or focused upon particular issues.

        No.

    d.   The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B).

        Plaintiff: **March 1, 2014—Plaintiff's requested changes**

        Defendant: **April 1, 2014**

    e.   The number of interrogatories each party shall be permitted to serve.
        25

    f.   The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take.
        3

    g.   The number of expert depositions each party shall be permitted to take.
        2

    h.      Mechanism and date by which the parties shall meet, confer and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

        December 1, 2013

5.    <u>Close of Discovery and Non-Dispositive Motions.</u>

    a.      The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

        Discovery shall be completed by **June 1, 2014** and non-dispositive motions shall be filed and served by **June** 15, 2014.—**Plaintiff's requested changes because of new trial obligations**

6.    <u>Dispositive Motions and Trial</u>

    a.      Date by which all dispositive motions shall be served, filed and heard by the Court.

        July 15, 2014

    b.      Date by which the case will be ready for trial:

        September 1, 2014

    c.      The number of expert witnesses each party expect to call at trial. Plaintiff expects to call 3 expert witnesses; Defendant expects to call up to 3 expert witnesses.

    d.      Estimated trial time, including jury selection and instructions.

        Five to ten days.

Respectfully submitted:

Dated: 3 October 2013

PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

Peter J. Nickitas, MN Att'y #212313
431 S. 7th St., Suite 2446
P.O Box 15221
Minneapolis, MN 55415-0221
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com
ATTORNEY FOR PLAINTIFF