**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

|  |  |
|---|---|
| TROY K. SCHEFFLER, | CIVIL NO. 13-CV-935 (SRN/TNL) |
| PLAINTIFF, | |
| V. | **PRETRIAL SCHEDULING ORDER** |
| HAMLINE UNIVERSITY, | |
| DEFENDANT. | |

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. Fact Discovery

    a. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before October 20, 2013.

    b. Fact discovery shall be commenced in time to be completed on or before May 1, 2014.

    c. No more than 25 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side/party.

    d. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Document Requests.

    e. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Requests for Admission

    f. No more than one Fed. R. Civ. P. 35 medical examination(s) shall be served by either side/party on or before May 1, 2014.

    g. No more than five depositions, excluding expert witness depositions, shall be taken by either side/party.

h. The parties shall file a stipulated proposed protective order on or before November 1, 2013.

i. Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2. <u>ESI Discovery Plan</u>

a. The parties shall file a stipulated proposed ESI discovery order on or before November 1, 2013.

3. <u>Expert Discovery</u>

a. Each party/side may call no more than two expert witnesses.

b. Each party/side shall take no more than one deposition per expert.

c. The parties acknowledge that <u>Plaintiff</u>'s treating doctors and medical care providers are not retained experts and that each party will have access to all relevant medical records. <u>Plaintiff</u> anticipates that such treating doctors will be allowed to testify regarding their care and treatment. <u>Defendant</u> agrees that such treating doctors are not subject to the expert disclosure requirement set forth in Fed. R. Civ. P. 26(a)(2), and reserves the right to challenge the scope of their testimony to be offered at trial.

d. Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    i. Plaintiff
        1. Identification by Plaintiff on or before March 1, 2014.
        2. Report by Plaintiff on or before March 1, 2014.
        3. Rebuttal witness and reports shall be disclosed on or before April 15, 2014.

    ii. Defendant
        1. Identification by Defendant on or before April 1, 2014.
        2. Report by Defendant on or before April 1, 2014.
        3. Rebuttal witness and reports shall be disclosed on or before May 1, 2014.

e. Expert discovery, including depositions, shall be completed on or before June 1, 2014.

4. Non-Dispositive Motions

    a. Non-dispositive motions may be scheduled for hearing by calling the chambers of Magistrate Judge Tony N. Leung at 651-848-1870.

    **b. All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before December 15, 2013.**

    c. Motions for leave to amend to add punitive damage claims must be served and filed on or before January 15, 2014.

    d. Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before May 8, 2014.

    e. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before June 9, 2014.

    f. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1.

    g. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must agree to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g., the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do agree to use this informal resolution process, one of the parties shall contact Magistrate Judge Leung's chambers to schedule the conference. The parties shall submit short letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution

process, then the dispute must be presented to the Court via formal motion and hearing.

5. Dispositive Motions

    a. All dispositive motions shall be **scheduled by** August 1, 2014.

    b. All dispositive motions and supporting pleadings (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel are reminded that at least two to three months advance notice is necessary to place a dispositive motion on the calendar. Counsel are encouraged to contact chambers to schedule a dispositive motion, if any, at the close of discovery, but no later than the deadline in this scheduling order. Unless otherwise directed by the Court, the moving party's motion papers shall not be filed until 42 days prior to the scheduled hearing date. Counsel for the moving party shall contact Lynn Holden, Courtroom Deputy for the Honorable Susan Richard Nelson at (651) 848-1976 to schedule a hearing. When a motion, response or reply brief is filed on ECF, two paper courtesy copies (three-hole punched, with dividers clearly marked between exhibits) of the pleading and all supporting documents shall be mailed or delivered to chambers contemporaneously with the documents being posted on ECF.

6. Status & Settlement Conferences

    a. The parties shall appear for an early settlement conference with the Court on February 3, 2014 at 10:00 a.m.

    b. Counsel for the parties shall CM/ECF file two joint letters to the Court setting forth the status of the case with reasonable specificity on or shortly prior to June 2, 2014 and October 1, 2014.

    c. A formal settlement conference shall be scheduled by the Court on a later date when needed.

7. Trial

    a. This case shall be ready for a trial on December 1, 2014.

    b. Anticipated length of trial is five days.

8. Prior Orders and Remedies

    a. All prior consistent orders remain in full force and effect.

    b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the

party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: October 4, 2013

                                           *s/Tony N. Leung*
                                           Magistrate Judge Tony N. Leung
                                           United States District Court
                                           District of Minnesota

                                           *Scheffler v. Hamline University*
                                           *13-cv-935*